Parker, J.
The relator is engaged in the transmission of messages by telegraph ; the defendant, in the transmission of human speech by means of the telephone. In addition, both relator and defendant carry on a general messenger business in the city of Albany, and each are duly organized under and by virtue of statutes of this State.
By the moving papers it appears that the relator demanded of the defendant that one of its telephones be placed in .the office of The Postal Telegraph Cable Company, and at the same time offered to pay any sum required for the privilege of having and using such telephone, and further promised to “comply with all the rules and regulations, regulating and controlling all persons, corporations and companies having or using said telephone,” and that the defendant refused, and still refuses, to comply with such demand.
*477 Thereupon the relator moved the court fora, peremptory mandamus directing the defendant, on payment to it, by relator, of its usual charges and compliance with its proper regulations, to place one of its telephones in relator’s office.
The owner of a patent has the right to determine whether or not any use.shall be made of his invention, and, if . any, what such use shall be. When however he determines upon its use his legal duty to the public requires that all persons shall, in respect to it, be treated alike, without, injurious discrimination as to rates or conditions. A common carrier is bound to carry all articles within the line of its business, for all persons upon the terms usually imposed (Bank v. Adams Express Co. 1 Flippin [S. C.] 212). When a railroad company establishes commutation rates for a given locality it lias no right to refuse to sell a commutation ticket to a particular individual of such locality (Atwater v. Delaware, Lackawanna R. R., 4 East. Rep. 186). A gas company must furnish gas at the' same rates to all consumers who apply and are ready and willing to pay therefor (Shepard v. Milwaukee, 6 Wis. 539 ; People ex rel. Kennedy v. Manhattan Gas Co., 45 Barb. 136). And a telephone company is not permitted to withhold facilities for the transaction of business from one class "of citizens which it accords to others (State ex rel. American U. T. Co. v. Bell T. Co., 11 Cent. L. J. 359).
The authorities cited establish the principle that a public servant, as the defendant is, cannot so use the invention protected by the government, as to withhold from one citizen the advantages which it accords to another; and it follows that the relator in this case on compliance with the usual terms, and reasonable regulations of the defendant, is entitled to have mandamus issue directing the placing of one of its telephones in relator’s office.
. The defendant’s papers contain a copy of the agreement which.it requires its subscribers to sign before giving to them a telephone for use, such agreement containing the rules and regulations, which the defendant has determined must form *478 a condition precedent to the placing or using oí' one of its telephones.
Upon the argument, relator’s counsel contended that a portion thereof was unreasonable, and that to comply therewith Would substantially deprive his client from receiving any benefit to its business by the use of the telephone.
The clauses in the agreement to which, objection was 1 'made wore : First, “ They are not to be used for .... any part of the work of collecting, transmitting, or delivering any message in respect of which -any toll' has been -or is to be paid to any party other, than the Exchange.* Second. ¡Nor for calling messengers except from the Central Offioe.”
As to the first: Both parties are engaged in the attempt to extend their business to the utmost possible limit. They are alik,e interested in securing as many customers as possible'for their respective lines, and to a considerable extent they are competitors in the same territory for tlie business of transmitting messages.
¡¡Slow, while the rule is well settled that a common carrier must serve the public impartially, still it must be borne in mind that its duty is to the public, and not to other and competing common candors. One common carrier cannot demand, as a right, that it be permitted to use a rival common carrier’s property for the benefit of its own business-(Express Cases, 117 U. S. 1 ; Jencks v. Coleman, 2 Sumner, 221; Barry v. O. B. H. Steamboat Co., 67 N. Y. 301).
The relator in this case, however, contends that the statute, under which the defendant-was incorporated, makes it the duty of the defendant to permit such use of its telephone as the relator’s business requires.
The statute, among other things, provides that “ it shall be the duty of the owner or the association owning any telegraph line doing business within this State, to receive dispatches from and for other telegraph lines and associations, *479 and from and for any individual, and on payment of their usual charges for individuals, for transmitting dispatches, as established by the rules and regulations of such telegraph line, to transmit the same with impartiality and good faith.”*,
It is.clear thai. the provision quoted makes it the duty of the defendant to transmit over its wires, any and all messages which the - relator may desire to have transmitted, on payment of their usual charges to individuals. It seems equally clear that it was not intended to and does not, authorize the relator to transmit its own messages over defendant’s wires, on payment of the merely nominal sum required of its ordinary subscribers.
Such a rule would result unjustly to the defendant, as it would enable the relator to enter into competition with defendant in the transmission of messages over its own wires. With equal propriety it could demand that it be connected with the wires of the Western Union Telegraph Company, on payment of a proper charge, and that then it he permitted to use in its own way, and at its own convenience, the wires and property of its competitor for its business.
Such a construction as the relator contends for is not in accordance with either the letter or spirit of the statute. What the statute commands of corporations doing business in this State is, that they shall, send any message presented by another telegraph company, for tlyit purpose, on payment of the proper and usual charges. Should defendant -.refuse at any time to send a message presented by the relator for that purpose, the law affords an adequate remedy for the violation of the statute. No' claim is made that the defendant has ever -refused to send messages for the relator, and the only question in respect to the transmission of messages in controversy here is, Can the relator demand the right' to transmit them according to its own pleasure % Neither the rules established by the courts, nor the statute *480 referred to justify such a holding, and in that respect, therefore, the rules and regulations of 0the defendant seem to be reasonable and proper.
The objection that so much of defendant’s regulations as prevents the use of the telephone by a subscriber for the purpose of calling messengers except from the Central office, is unreasonable, seems to me to be well taken. The defend-' ant urges that the messenger business as conducted by it is ¡profitable, and for that reason it is desirable that it should be retained as free from competition-as possible ; and in aid of its position invokes the rule as established by the courts, that it owes no such duty to its rival as the permission to use its property" for the purpose of a competing business, would constitute. The rule cannot be questioned, but the •application is faulty. The messenger business, although /carried on by the same company and at the same offices, is nevertheless a distinct and separate business, and in no wise "essential to the conduct of the defendant’s system of transmitting messages by telephone, for which purpose it was incorporated. To extend the rule protecting its business from rivals, so as to include any other business in which it might see fit to engage, could result in great injustice to the public. A livery stable, provision store, meat market, and other classes of -business "could be added in the course of time, and by amending their rules so as to include each new business in the samepmmncr as the messenger service is now attempted to be protected, a monopoly could be created at the expense of tradesmen and merchants, and to the detriment of the public generally.
In Louisville Transfer Co. v. Am. Dist. Tel. Co. (24 Alb. L. J. 283-4), both parties were engaged in the carriage and conpé service, and the defendant insisted upon the right to a monopoly in the use of its own telephone methods of communicating and receiving orders for coupés. The court held otherwise, and granted an injunction restraining defendant "from removing the telephone, and from refusing to transact plaintiff’s business. The decision of the court in *481 that case Is applicable to the question here involved, and its p/easoning is approved.
It follows : First. That the relator is entitled to a mandamus directing and commanding the defendant to place a telephone in its office on compliance with defendant’s rules and regulations, and payment by it of defendant’s proper charges;
Second. That so much of defendant’s regulations as provide that the telephone shall not be nsed ior calling messengers except from the Central Office,” are unreasonable, and need not ho acceded to by the relator.
Third. As it was stated upon the argument that a review of the decision was intended, an application for a stay under section 2989 (Code Civ. Pro.) will be enteráis w-b
Order to be settled on four days’ notice by either party.*

 The telephone company.

 L. 1845, c. 265, § 11, as amend, by L. 1855, c. 559; same stat. 2 R. S. (7 ed.) 1719.

 The court ott notice and hearing settled the order to be cntcr.ed -is follows;
It is ordered that a peremptory mandamus in the usual form issue out of and under the seal of this court to the said defendant, the Hudson River Telephone Company, commanding and requiring it on payment to it by the relator, the Postal Telegraph Cable Company, of its usual and proper charges, and on compliance with its proper rules and regulations, to place one of its telephone instruments, with the usual and proper wires and connections, in the principal oL'icc of said Postal Telegraph Cable Company, at No. 46 State street, in the city of Albany, and to allow said Postal Telegraph Cable Company a proper and the usual and customary use of said telephone instrument, wires and connections.
It is further ordered and determined that so much of the regulations of the Hudson River Telephone Company as prevent the relator from making the usual and ordinary use of the telephone, except for the transmission of messages, for which toll has been or is to be paid, are ¡unreasonable, and need not be acceded to by the relator.
It is further ordered that the relator, the Postal Telegraph Cable Company be allowed, and recover of the defendant, the Hudson River Telephone Company, as ailoived by section 20SO of the Code of Civil Procedure, fifty dollars costs as upon a motion.
It is further ordered that after three months’ use of said telephone *482 by relator, the defendant may apply oñ eight days’ notice to the court for a settlement of what shall bo a reasonable compensation for the use of said telephone on papers to be served.
If the parties differ as to what contract the defendant may require from the relator, either party may apply to the court on eight days’ notice to settle the terms thereof.
The defendant may have a stay of thirty days of any proceedings under this order.