(Supreme Court, Special Term, Onondaga County. July, 1898.)

1. MANDAMUS—GROUNDS—OTHER REMEDIES—TELEPHONE COMPANIES.

> Under Transportation Corporations Law, § 103, making it the duty of telephone corporations to receive and transmit messages to and from other telephone companies, mandamus will not lie to compel a telephone company to place an instrument for the reception or transmission of messages in the office of another telephone company, or to compel the transmission of a message over its wires, there being another adequate legal remedy.

2. SAME—CORPORATIONS—SUSPENSION OF EXERCISE OF FRANCHISE.

> The failure of a corporation to perform its duty at the request and for the benefit of a single person is not such a suspension of the exercise of its franchises as will sustain a writ of mandamus.

Application by the Baldwinsville Telephone Company for a peremptory writ of mandamus to compel the Central New York Telephone & Telegraph Company to place a telephone in petitioner's office. Denied.

Woods & Smith, for application.

W. S. Andrews, opposed.

HISCOCK, J. This is an application for a writ of peremptory mandamus compelling the Central New York Telephone & Telegraph Company to place in the office of the petitioner "one of its telephone instruments, with the usual proper wires and connections, and to allow said Baldwinsville Telephone Company the proper and usual and customary use of said telephone instrument, wires, and connections." The petitioner is a corporation operating a telephone system in the village of Baldwinsville. The defendant is likewise a corporation operating a similar system in said village, and also extensively outside thereof. It is claimed by the petitioner that it has duly requested the defendant to place a telephone connection in its office so as to give it the usual telephone connections over its system, but that although it has offered to pay therefor, and subscribe to the usual regulations so far as legal, such request has been refused. Concededly no telephone has been furnished by defendant. It has filed upon this application affidavits setting forth various facts with reference to said request, which, it is claimed, afford a sufficient basis for such refusal. Those affidavits, wherever they raise any issue with the allegations of the petition, are, of course, controlling in determining the question whether the writ asked for should issue, and possibly some of the contentions by defendant that petitioner did not properly execute the lease tendered to it, and did not properly offer to pay rental in advance, etc., are meritorious. Outside of these claims, however, the further one is made that, even assuming defendant to be in default as urged by petitioner, this is not a proper case for relief by mandamus, and the conclusion reached in favor of that contention renders it unnecessary to consider the others.

Petitioner bases its claim for relief upon the general obligations which the defendant corporation, by entering upon a public telephone

business, has assumed of treating and performing service for all people alike; and, as especially imposing this obligation, upon the provisions of section 103 of "The Transportation Corporations Law," which reads as follows: "Every such [telephone] corporation shall receive dispatches from and for other * * * telephone lines or corporations, * * * and on payment of the usual charges by individuals for transmitting dispatches as established by the rules and regulations of such corporation, transmit the same, etc."

It has been held that a reasonable construction of this statute does not require one telephone company to supply connections with its system to another company so that the latter may utilize the connected system as part of its own, and transmit thereover its own messages on payment of the merely nominal sum required of ordinary subscribers. People v. Hudson River Tel. Co., 19 Abb. N. C. 466, 479. Under that construction and the facts set forth in the moving papers, petitioner's rights are to be measured by those secured to an ordinary person seeking to employ defendant's telephone system.

It is further to be observed that this application is based solely upon a refusal to place a telephone in and establish connections with petitioner's office. There has been no refusal to receive or transmit messages other than that involved in the refusal to establish these connections. The statute does not, in terms, require a telephone company to receive for transmission messages at the office of a proposed customer by means of a telephone specially placed there. The terms employed, especially grouping together, as they do, telephone and telegraph companies, would be quite apt in making the duty simply to receive and transmit messages at and from a general office. The usual custom, however, is to place the telephone as desired by the customer, and much of the value comes from that arrangement. It seemed to be assumed by the defendant upon the argument that the statute contemplated receiving and transmitting messages through a telephone so placed, and that a refusal to make such connections amounted to a failure to receive and transmit messages as required.

Adopting this assumption, the question is concisely presented whether a private person, upon his own behalf simply, can by mandamus compel the transmission of a telephone message. As indicated above, I do not believe that he can. Several authorities from other states have been cited to sustain the proposition that he can. In many of them, however, the facts and circumstances were materially different from those presented here, and in still others the question apparently was not raised of the propriety of this form of remedy, if the moving party was entitled to relief. Only one case from the courts of this state has been cited as an authority directly bearing upon this subject, that of People v. Hudson River Tel. Co., 19 Abb. N. C. 466, already referred to. That case unquestionably granted relief such as is asked here and upon largely similar facts. In that case, however, apparently by the counsel, and certainly by the court, there was no discussion of the question now raised, whether it was proper to grant relief by mandamus. The right of the relator to any relief was contested and considered, but it seems to have been as-

sumed that, if it was entitled to any remedy, it was proper to give it in the form asked and adopted by the court.

Passing from these authorities cited upon the specific subject of the application of this writ to telephone companies to the general principles governing its use, it seems to be clearly settled as the law of this state that mandamus will lie against a private corporation when there is no adequate remedy by ordinary action, or where the corporation has suspended the exercise of its franchise. People v. New York, L. E. & W. R. Co., 22 Hun, 533; People v. Babcock, 16 Hun, 313. In addition, it has been intimated, if not decided, that a corporation having undertaken the discharge of public and quasi municipal obligations, such as furnishing water or gas, may, like a public officer, by mandamus be compelled to perform its offices. People v. Green Island Water Co., 56 Hun, 76, 78, 9 N. Y. Supp. 168. Outside of these exceptions, a party will be left to his ordinary remedy by action. I do not see how the present case comes within either of the first two exceptions, which alone could be applicable.

There is nothing to indicate that the petitioner herein, or that, generally, a person desiring to send a telephone message, could not, by damages or otherwise, secure adequate relief against a telephone company refusing to fulfill its obligations. There would seem to be no more difficulty in arriving at some proper measure of damages in such a case than in one arising upon the failure of a railroad or express company to properly transport goods, which are the ones above cited. The statute already quoted has by its terms provided, without special proof, for what, under ordinary circumstances, would be liberal damages, in fixing a penalty of $100 for each failure upon the part of the company to properly act.

Again, the failure by a corporation to perform its duty at the request and for the benefit of a single person is not such a suspension of the exercise of its franchises as will sustain the writ. That is simply a refusal to employ them for the benefit of that particular person. That is decided in the case of People v. New York, L. E. & W. R. Co., supra. And the distinction between the status of a private individual seeking to mandamus a corporation for a failure to serve him and the people proceeding against a general suspension of corporate obligations is clearly recognized, and the principles above stated affirmed, in People v. New York, C. & H. R. R. Co., 28 Hun, 543, 554.

The application for the writ of mandamus herein is denied, with costs. Application denied, with costs.