(30 Misc. Rep. 450.)

## WISHELMAN v. WESTERN UNION TEL. CO.

(Supreme Court, Appellate Term. February 8, 1900.)

1. TELEGRAPHS—DELIVERY OF MESSAGES—ACTION FOR PENALTY—EVIDENCE.

Under the transportation corporation law (section 103), imposing a penalty upon telegraph companies, at the suit of the sender of a telegram, for the failure of the company to "transmit the same with impartiality and in good faith," a telegraph company is not liable to such penalty because of the unintentional omission of a word in telephoning a message to the party addressed, where the message has been duly transmitted to the office of the company where the receiving party resides, and promptly delivered by telephone.

2. SAME.

In an action against a telephone company, based on the company's negligent omission of words from a telegram as telephoned by its operator to the party addressed, the declaration of the latter in a letter to the sender is not competent evidence as to the contents of the message as telephoned.

Appeal from municipal court, borough of Manhattan, First district.

Action by Frederick A. Wishelman, plaintiff, against the Western Union Telegraph Company, defendant, to recover a penalty for the defective delivery of a message. There was a judgment for defendant, and plaintiff appeals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVENTRITT, JJ.

Samuel Ashton, for appellant.

Francis Raymond Stark (George H. Fearons, of counsel), for respondent.

LEVENTRITT, J. This action was brought to recover a penalty under section 103 of the transportation corporation law, by which telegraph and telephone companies are required to receive dispatches, and "transmit the same with impartiality and in good faith and in the order in which they are received," and, in the event of failure so to do, are made liable for a penalty of $100, recoverable in a suit by the sender. On the 1st day of September, 1898, the plaintiff filed with the defendant at its office in the city of New York a message for telegraphic transmission to one J. L. Thompson at Calais, Me. The message was promptly and regularly forwarded to and received at its office at Calais; but, instead of being delivered in the usual manner by messenger, it was telephoned by the defendant's operator to Thompson. The material portion of the message read, "Ship quick, express, twenty cases pop corn." It is claimed by the plaintiff that in repeating the telegram over the telephone the word "express" was omitted, as a consequence of which Thompson necessarily failed to comply with the directions. Upon this omission it is sought to predicate a violation of the statute in that the defendant did not transmit the message "with impartiality and in good faith." No testimony was offered on behalf of the defendant, in whose favor, however, judgment was rendered.

We are satisfied that this was correct. Even had the plaintiff established his contention by undisputed facts, he would not have been entitled to recover on the law, as his case does not come within the spirit or intent of the statute. The provision invoked is penal,

and must be strictly construed. Romberg v. Kouther, 27 Misc. Rep. 227, 57 N. Y. Supp. 729. The imposition of the penalty must be limited to acts of partiality, bad faith, or preference in the order of transmission. To sustain his position, the plaintiff would import into the statute other elements, unwarranted by its terms. If the defendant was guilty of a breach of its contract with the plaintiff, the remedy lies elsewhere. The statute leaves nothing to conjecture or construction. The obvious intent is expressed in clear language. It was designed to prevent favor and discrimination in the transmission of messages. It is hardly necessary to invoke the rule of strict construction. The meaning is plain without it. A different question might be presented had there been a willful suppression of a part of the message, but here there is no suggestion of anything beyond a concededly unintentional omission of a word in repeating the message. And, as far as this omission is concerned, there is a dispute of fact, so that, even were the plaintiff correct in his law, there would be no ground for reversing the justice's conclusion on the facts. The plaintiff introduced in evidence a letter which passed from the operator at Calais to the defendant's superintendent in New York, which, among other things, contained the positive statement that the word "express" had not been omitted when the telegram was communicated to Thompson. There was thus a conflict on the main question of fact involved, the solution of which we should not disturb even were there no other obstacle to the plaintiff's recovery.

Upon this appeal the appellant dwells upon an exception which he took to the exclusion of a letter which he received from Thompson some months after the alleged defective transmission of his message. The letter was not marked for identification, nor is it annexed to the return, so that we are unable to pass upon its admissibility; but it is manifest that, if the statements concerning it, made by counsel, and spread upon the record, are true, it was correctly excluded, as being the unsworn declaration of a third person, made long subsequent to the transaction to which it referred. The judgment should be affirmed.

Judgment affirmed, with costs to the respondent. All concur.