ation, and the levy and assessment of the tax.  A tax or assessment is levied when it is laid upon the property.  The benefits derived from a public improvement are assessed when the amount thereof is determined and distributed over the area of benefit.  Both of these operations occur when the commissioners file their report, and not before.  Reading the opinions of the appellate division above cited in the light of the questions under discussion, the result arrived at seems to be that, while a liability to be thereafter assessed accrues upon the acquisition by the city of the title to property for public use, the assessment itself is not made or levied until the commissioners have made a report, and the amount to be assessed upon any given piece of property depends upon the law in force at the time the report is filed.  It follows that the question whether any given piece of property is to be assessed at all also depends upon the law in force when the report is filed, and the assessment thereby made and levied.  The comptroller was therefore justified in deducting the amount for benefit from the award for damages.

An order in accordance with this opinion may be settled on notice.
Ordered accordingly.

(36 Misc. Rep. 557.)

HEARN et al. v. WESTERN UNION TEL. CO.

(Supreme Court, Appellate Term.  December, 1901.)

TELEGRAM—DELAY IN DELIVERY.

The transportation corporations law (Laws 1890, c. 566, § 103) imposes a penalty on a telegraph company which refuses or neglects to transmit dispatches with impartiality and good faith, and in the order in which they are received.  *Held* not to authorize recovery for mere delay in transmitting a telegram to another state, though the sender paid extra to have it repeated.

Appeal from municipal court, borough of Manhattan, Tenth district.

Action by Arthur H. Hearn and another against the Western Union Telegraph Company.  Judgment for plaintiffs, and defendant appeals.  Reversed.

Argued before McADAM, P. J., and SCOTT, J.

Fearons & Taggart (Francis R. Stark, of counsel), for appellant.
J. Delahunty, for respondents.

SCOTT, J.  The plaintiffs sue to recover the statutory penalty of $100 provided for by section 103 of the transportation corporations law (Laws 1890, c. 566), which reads as follows:

"Transmission of Despatches.  Every such corporation shall receive despatches from and for other telegraph and telephone lines or corporations and from or for any individual, and on payment of the usual charges by individuals for transmitting despatches as established by the rules and regulations of such corporation, transmit the same with impartiality and good faith, and in the order in which they are received, and if it neglects or refuses so to do, it shall pay one hundred dollars for every such refusal or neglect to the person or persons sending or desiring to send any such despatch and entitled to have the same so transmitted."

The evidence showed that on September 10, 1900, the plaintiff Arthur H. Hearn delivered a message signed by himself and the

plaintiff Lizzie Bell Hearn to the manager of an office of the defendant on Broadway near Fourteenth street, borough of Manhattan, and paid the customary charges for its transmission, and 50 cents extra to have the message repeated. The message was addressed to a gentleman in Houston, Tex., notifying him that the senders were forwarding money by mail for the relief of certain supposed sufferers by the Texas floods. There had been a severe storm in Texas, and notices were posted in the telegraph office stating that messages for certain points in Texas (not including Houston) would be accepted only subject to delay. The message was not delivered to the person to whom it was addressed in Houston until the morning of the 12th. The same person had received another telegram from New York on September 11th, in answer to one sent by him on September 10th, but it did not appear when such message was sent from New York, or that it was delivered for transmission to the same office of defendant as that to which plaintiffs' message was delivered. As was clearly pointed out by this court in Wichelman v. Telegraph Co., 30 Misc. Rep. 450, 62 N. Y. Supp. 491, the statute which the plaintiffs invoke is penal, and must be strictly construed, and its imposition is limited to acts of partiality, bad faith, or preference in the order of transmission. If the defendant was guilty of a breach of its contract with plaintiffs, or was merely guilty of negligence in carrying out the contract, relief must be sought otherwise than under the terms of this section. In such an action as this, as in other actions, the plaintiffs must assume the burden of proving their case; that is, they must present some evidence of partiality or bad faith or preference in transmission. In the present case they have done neither. All they have shown is delay in the transmission. How that delay occurred, or whether in the state of New York or outside its boundaries, there is nothing to show. The fact that the plaintiffs paid to have the message repeated back, and that it was not so repeated, is not material. The statute does not apply to such a repetition, but merely to the sending of such a message. The motion to dismiss the complaint should have been granted.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

McADAM, P. J., concurs.