D. S. POLLARD, Appellant, v. MISSOURI & KANSAS TELEPHONE COMPANY, Respondent.

Kansas City Court of Appeals, November 6, 1905.

1. **TELEPHONES:** Communicating Conversation: Damages. Where a telephone company wrongfully denies a patron communication by conversation with a party at some other office on its line, such patron has an action for any damages he may have sustained thereby.

2. ———: ———: Penalty: Statute. Section 1255, Revised Statutes 1899, is penal and should not receive a strained construction; and a telephone company must be brought strictly within its prescribed terms before it is liable to the penalty prescribed.

3. ———: **Statute: Construction: Penalty.** The statute means that a written dispatch delivered to an agent of a telephone company must be transmitted by voice to the addressee; but it must be a written dispatch and the penalty is not prescribed for refusing to permit a patron to hold conversation over the line.

Appeal from Caldwell Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

D. E. *Adams* for appellant.

(1) I do not find where the specific question raised in respondent's demurrer, or at least the point raised in trial court in his argument, has been decided by any court; but the case, State ex rel. v. Telephone Company, 93 Mo. App. 342, is decisive of the principle involved. (2) One of the duties enjoined upon such telephone and telegraph companies by section 1255, R. S. 1899, is "to provide sufficient facilities at all its offices for the dispatch of the business of the public." A further duty enjoined is to "receive dispatches from and for other telegraph and telephone lines;" and a further duty is "to receive dispatches from and to any individual" on payment or tender of the usual charges as established by the rules and regulations of the company. (3) The court will take judicial notice of the method of conducting the telephone business, to-wit: "Every patron his own operator," and that the business of the public is dispatched in that way and not by the "Morse system of dots and dashes," nor by delivering written messages to the telephone operator to be transmitted by him, except occasionally. (4) The statute is sufficiently explicit to authorize such company to do business and force the public to comply with its reasonable regulations, charges, etc., of the company, but when such employee of the company, through malice or other reason, refuses the service to which the plaintiff is en-

titled, the answer of the company is, "the statute don't say talk, but means write." (5) Respondent is a common carrier in all classes of its business, whether at public stations or private instruments, and is governed by the law applicable to common carriers, and is bound to serve all alike with impartiality and good faith. State ex rel. v. Tel. Co., 93 Mo. App. 349 and cases cited on page 357, and section 1255 prescribes the penalty for its refusal.

*Battle McCardle* and *Gleed, Ware & Gleed* for respondent.

(1) Section 1255, R. S. 1899, under which appellant's action was brought, is in form and substance a penal statute and "as such is not to be regarded as including anything which is not clearly and intelligently described in its very words." Burnett v. Western Co., 39 Mo. App. 599; Connell v. Company, 108 Mo. 459; Thompson v. Western Company, 32 Mo. App. 191, 197; Dudley v. Western Company, 54 Mo. App. 391, 394; Rixke v. Western Company, 96 Mo. App. 406; Rozelle v. Harmon, 103 Mo. 339; State v. Bryant, 90 Mo. 534. (2) The only offense for which a penalty is provided by said section 1255 is failure to receive written dispatches from individuals and on payment or tender of the usual charges to transmit the same promptly and with impartiality and good faith. Secs. 1257, 1258, 1259, R. S. 1899; State v. Bryant, 90 Mo. 534; Dudley v. Western Company, 54 Mo. App. 391, 394; Thompson v. Western Company, 32 Mo. App. 191, 197; Connell v. Western Company, 108 Mo. 459, 462; Burnett v. Western Company, 39 Mo. App. 599; Bassett v. Western Company, 48 Mo. App. 566. (3) The only facts relied upon by plaintiff below to constitute an offense under the statute are that he "requested and demanded of defendant's said agent that he be placed in communication with said Pratt over defendant's said telephone system" and that

"defendant by its agent then and there . . . wrongfully refused to furnish the telephone service requested and demanded by plaintiff." These facts do not constitute an offense under the statute.

ELLISON, J.—This action was brought by plaintiff to recover of the defendant telephone company, organized as a corporation, a penalty of two hundred dollars under the terms of section 1255, Revised Statutes 1899, relating to the duties of telegraph and telephone companies. The defendant demurred to the plaintiff's petition on the ground that it did not state a cause of action; which demurrer was sustained, and plaintiff, electing to stand on his pleading, appealed to this court. The petition charges that defendant had a telephone line, open to the public, running from Braymer, Missouri, to Kansas City, and that it maintained offices at each of those places. The plaintiff proceeds to state his case in these words:

"Plaintiff further states that under the provisions of section 1255 of the Revised Statutes of Missouri for 1899, it was at the date hereinafter mentioned the duty of the defendant to promptly and with impartiality and good faith, furnish telephone service over its said telephone system, and to transmit dispatches for all persons who may pay or tender the usual fees and charges as are prescribed by the defendant for such service, and for the transmission of such dispatches as is requested and demanded.

"Plaintiff further states, that on the tenth day of June, 1904, at the office of the defendant, in the said city of Braymer, he informed defendant's agent in charge of said office that he desired to communicate with F. E. Pratt at Kansas City, Missouri, and requested and demanded of defendant's said agent that he be placed in communication with said Pratt over defendant's said telephone system; that the usual charge and toll for the service demanded by the defendant was forty-five cents;

that plaintiff offered to defendant's said agent, at the time, a fifty-cent piece of money from which to take the proper amount of tolls and charges, which amount was more than the usual charge and toll for the service demanded by plaintiff; that defendant, by his agent, then and there refused to accept the amount offered, and refused to receive any money from plaintiff, and wrongfully refused to furnish the telephone service requested and demanded by plaintiff, and informed plaintiff that the correct amount of tolls would not be received if tendered." It then stated "that by defendant's refusal to furnish plaintiff with the telephone service demanded it violated its duty as prescribed in said section 1255, whereby it became liable to pay a penalty of two hundred dollars," for which judgment was prayed.

The statute referred to is as follows: "Duties and Obligations of Company.—It shall be the duty of every telegraph or telephone company, incorporated or unincorporated, operating any telephone or telegraph line in this State, to provide sufficient facilities at all its offices for the dispatch of the business of the public, to receive dispatches from and for other telephone or telegraph lines, and from or for any individual, and on payment or tender of their usual charges for transmitting dispatches as established by the rules and regulations of such telephone or telegraph line, to transmit the same promptly and with impartiality and good faith, under a penalty of two hundred dollars for every neglect or refusal so to do, to be recovered, with costs of suit, by civil action, by the person or persons or company sending or desiring to send such dispatch, one-half of the amount recovered to be retained by the plaintiff, and one-half to be paid into the county public school fund in the county in which the suit was instituted; and the burden of proof shall be upon the company to show that the wire was engaged as the reason for the delay in transmitting such dispatch." [R. S. 1889, section 2725i.]

The statute originally applied only to telegraph companies (section 9, p. 903, Revised Statutes 1865). In the revision of 1879 (section 883) it is so amended as to couple telephone with telegraph companies. In the revision of 1889 (2725) it is further amended by adding the duty of such companies "to provide sufficient facilities at all its offices for the dispatch of the business of the public." The section, as thus amended, was incorporated into the revision of 1899, as above quoted.

It will be observed that the plaintiff does not charge that he tendered a dispatch to defendant's agent at Braymer, which he asked to be transmitted to a person in Kansas City. It charges that he "demanded of defendant's agent that he be placed in communication with said Pratt over defendant's telephone system." Manifestly he desired to communicate by conversation directly between himself and Pratt. This was denied him and for such wrongful denial he might have his action for damages if any were sustained, but he has no claim to the penalty prescribed by the statute. The statute is penal and should not receive a strained construction. The defendant must be brought strictly within the terms prescribed, for a violation of which the penalty is imposed. [Connell v. Telegraph Company, 108 Mo. 459; Burnett v. Telegraph Company, 39 Mo. App. 599.] The duty imposed on the defendant is to provide facilities at its offices for the conduct of business with the public; to receive dispatches from and for other telephone lines, and from and for any individual, and when such dispatch is received, to transmit it promptly, under a penalty of $200, for failing to do so. The defendant is not charged to be guilty of any of the things which the statute requires of it. It is not charged that it lacked facilities at its office for conducting its business; nor is it charged that it refused to receive or transmit a dispatch. Indeed a dispatch was not offered to its agent to send. The defendant is in no way brought within the terms of

the statute and consequently was rightly discharged by the trial court.

It is doubtless the duty of an agent of a telephone company to receive at its office a dispatch properly addressed and paid for and to transmit such dispatch by the voice over its wire to the addressee. But the statute means a written dispatch delivered by the sender to the agent of the company. This can be clearly seen by the provisions immediately following section 1255. Thus, in section 1257, it is made the duty of the company's agent when the line is out of order to inform the sender, and, if required, to write that information on the dispatch. Provision is made in section 1258 against forging dispatches; and so also section 1259, clearly shows a written dispatch is meant, for there reference is made to copying and addressing dispatches.

We will affirm the judgment. All concur.