(128 App. Div. 192.)

### PETZE v. WESTERN UNION TELEGRAPH CO.

(Supreme Court, Appellate Division, Second Department.   Oct. 9, 1908.)

TELEGRAPHS AND TELEPHONES—REFUSAL TO RECEIVE MESSAGE—LIABILITY.

That a telegraph company refused to transmit a message from the borough of Manhattan to Brooklyn within an hour, and would only take it "subject to delay," the receiving operator being unable to state the probable extent of delay, did not make the company liable under Transportation Corporations Law (Laws 1890, p. 1152, c. 566) § 103, prescribing a penalty for a telegraph company's refusal to transmit messages impartially and in good faith; the sender knowing of an existing strike of the company's operators.

Appeal from Municipal Court, Borough of Brooklyn, Sixth District. Action by Frederic H. Petze against the Western Union Telegraph

Company.  From a judgment dismissing the complaint, plaintiff appeals.  Affirmed.

Argued before WOODWARD, JENKS, HOOKER, GAYNOR, and RICH, JJ.

Fullerton Wells, for appellant.

Francis Raymond Stark, for respondent.

RICH, J.  Section 103 of the transportation corporations law (chapter 566, p. 1152, Laws 1890) provides:

"Every such corporation shall receive dispatches from and for other telegraph or telephone lines or corporations, and from and for any individual, and on payment of the usual charges by individuals for transmitting dispatches as established by the rules and regulations of such corporation, transmit the same with impartiality and good faith and in the order in which they are received, and if it neglects or refuses so to d.., it shall pay one hundred dollars for every such refusal or neglect to the person or persons sending or desiring to send any such dispatch and entitled to have the same so transmitted."

For some time prior to September 2, 1907, defendant's operators had been out on a strike, and the plaintiff had knowledge of this fact.  On that day he went to an office of the defendant in the borough of Manhattan, and after writing a business telegram to Mr. William R. Petze at 623 West avenue, Kensington, Brooklyn, handed it to the operator in charge, with 50 cents.  He testified as follows:

"She said the telegram would be 27 cents.  Q. She read it, after you wrote it?  A. She read it, and she said: 'You know we cannot take this, only subject to delay'  I says: 'Is that so?'  She says: 'Yes.'  I says. 'How much delay?'  And she says: 'I can't say.  I can't tell you anything about it.'  She had already marked up the telegram, and I said: 'Well, you won't take it, and deliver it within an hour?'  She said: 'No; I can't say what the delay will be.  We will only take it subject to delay.'  And she just handed me back the telegram and my 50-cent piece, after she had marked up the telegram."

The plaintiff took the money and telegram back and made no further effort to procure its transmission.  He later brought this action to recover the statutory penalty of $100.  When plaintiff rested his case, defendant's motion to dismiss the complaint was granted, and from the judgment accordingly entered this appeal is taken.

No negligence of the defendant is alleged or claimed, and the plaintiff's cause of action rests solely on the theory that by refusing to accept the telegram in the manner and under the circumstances stated the defendant made itself liable.  I think the evidence was insufficient to establish a cause of action, and that the dismissal of the complaint was justified.  It has been held by the courts of this state, in construing the section of the statute quoted, that the penalty is only incurred by acts of partiality, bad faith, or discrimination (Wichelman v. Western Union Tel. Co., 30 Misc. Rep. 450, 62 N. Y. Supp. 491; Hearn v. Western Union Tel. Co., 36 Misc. Rep. 557, 73 N. Y. Supp. 1077; Gifford v. Glen Telephone Co., 54 Misc. Rep. 468, 106 N. Y. Supp. 53); and the same construction has been given to similar statutes in Arkansas and Indiana (State v. Western Union Tel. Co., 76 Ark. 124, 88 S. W. 834; Western Union Telegraph Co. v. Swain, 109 Ind. 405, 9 N. E. 927).

There is no evidence in the case at bar tending to establish in the slightest degree partiality, bad faith, or discrimination; but it is contended, upon the authority of Marvin v. Same Defendant, decided by the former District Court of the City of New York and reported only in 15 Chi. Leg. N., at page 416, that the omission of defendant's operator to explain the nature and extent of the possible delay at the time of the presentation of the message was tantamount to the refusal contemplated by the statute; in other words, was an absolute refusal to receive and transmit the message. We are not in accord with this contention; but, if that were the rule, it is plainly apparent in the case at bar that the plaintiff knew the reason and nature of the anticipated delay. It is equally apparent that the operator did not know the extent of the delay, and she so advised plaintiff. His demand was, not for an impartial transmission and delivery, but for a preference for his message, namely, it must be delivered "within an hour"; and it was not until after this demand had been made that the operator returned the message and money, with the assertion that she would not receive it under such conditions.

The judgment must be affirmed, with costs. All concur.