Jacob H. Meyers, Respondent, *v.* The Western Union Telegraph Company, Appellant.

(County Court, Chautauqua County, October, 1913.)

Telegraph companies— statutory duty of, respecting the transmission of telegrams — penalty for neglect or refusal of telegraph company to perform its statutory duty under section 103 of the Transportation Corporations Law.

Where a telegraph company receives a prepaid message it is its statutory duty to transmit the same with impartiality, good faith and in the order in which it is received, without discrimination.

Section 103 of the Transportation Corporations Law, which provides a penalty for the neglect or refusal of a telegraph company to perform its statutory duty respecting the transmission of telegrams, is to be strictly construed; and to entitle the plaintiff to judgment in an action to recover the penalty prescribed he must bring his case plainly within the statute.

Where, owing to a mistake in the transmission of a prepaid telegram from Pittsburg, Penn., through defendant's Buffalo, N. Y., office, it was received at the Dunkirk, N. Y., office as addressed to 707 Park avenue instead of 709 Park avenue, and the evidence is barren of any proof of partiality, bad faith or neglect on the part of defendant to perform its statutory duty, a judgment in favor of plaintiff in an action to recover a penalty under said section 103 will be reversed, with costs.

APPEAL from a judgment rendered in the Municipal Court of the city of Dunkirk, in favor of plaintiff.

William S. Stearns, for appellant.

Thomas H. Larkins, for respondent.

OTTAWAY, J.   This is an appeal from a judgment rendered in the Municipal Court of the city of Dunkirk, Chautauqua county, N. Y., in favor of the plaintiff and against the defendant for the sum of $100, with costs.

The action is brought for the statutory penalty under section 103 of the Transportation Corporations Law of the state of New York. This section provides:

" Every such corporation shall receive dispatches from and for other telegraph or telephone lines or corporations, and from and for any individual, and on payment of the usual charges by individuals for transmitting dispatches as established by the rules and regulations of such corporation, transmit the same with impartiality and good faith and in the order in which they are received, and if it neglects or

refuses so to do, it shall pay one hundred dollars for every such refusal or neglect to the person or persons sending or desiring to send any such dispatch and entitled to have the same so transmitted.''

During the month of January, 1913, the plaintiff resided in the city of Pittsburg, Penn.  Upon the fourteenth day of January the plaintiff went to the defendant's place of business in Pittsburg and delivered to an employee a telegram for the purpose of transmission to his brother who then lived at 709 Park avenue, in the city of Dunkirk, N. Y.

The telegram read as follows:

" PITTSBURG, PA., *Jan.* 14, 1913.

" Mr. DAVID C. MEYERS,

    " 709 Park Ave., Dunkirk, N. Y.:

" Dave, George is dead.  Will be buried Thursday afternoon, two o'clock.  Come at once.

" J. H. MEYERS.''

At the time of the delivery of the telegram the plaintiff paid for its transmission to its designation, the city of Dunkirk.

In accordance with the service maintained by the defendant, this message was transmitted to its office at Buffalo, N. Y., in the first instance.  It was delivered at the office of the defendant in the city of Pittsburg at seven fifty-five P. M., and arrived in Buffalo at eight six P. M.

The office of the defendant in Dunkirk closes at eight P. M., consequently the message was not transmitted from Buffalo to Dunkirk until the morning of January the fifteenth.  It was received at defendant's Dunkirk office at eight ten A. M., being the first message received that day.

Owing to a mistake in the transmission of this mes-

sage it was received at the Dunkirk office as addressed to 707 Park avenue instead of 709 Park avenue.

Upon its receipt the operator in charge delivered the message to a messenger boy for delivery. The messenger at once went to 707 Park avenue, the address upon the message, and made inquiries for the addressee, David C. Meyers, and was informed that no such person lived at that address.

Other inquiries were made in that locality and in another locality. The messenger was unable to find the addressee, David C. Meyers, and returned the message to the office of the defendant.

David C. Meyers, the addressee, had lived in the city of Dunkirk since the October preceding January 14, 1913, and had boarded at 709 Park avenue.

The message remained in the office of the defendant until inquiry was made by the addressee as to this message.

In answer to his inquiry the employee of the defendant in charge of the office stated that no such message had been received. Subsequently the message was delivered by the defendant by messenger to the addressee.

This action was brought by the plaintiff to recover the sum of $100 upon the foregoing facts claiming that these facts came within the provisions of section 103 of the Transportation Corporations Law.

The section of the statute under which this action is brought being highly penal must be strictly construed against the plaintiff and in order to recover he must make out a plain case and bring his claim within the letter of the statute. Gifford v. Glen Telephone Co., 54 Misc. Rep. 468; Thompson v. Western Union Tel. Co., 40 id. 443; Wichelman v. Western Union Tel. Co., 30 id. 450; President, etc., Manhattan Co. v. Kaldenberg, 165 N. Y. 1.

It was incumbent upon the defendant in its performance of this statutory duty to transmit the message, received by it, with impartiality, good faith and in the order in which it was received without discrimination. The statutory penalty is incurred when the acts or omissions are characterized by or result from partiality, or bad faith or when it postpones messages out of the order of time in which they were received, or when it discriminates in the manner and condition of service between its patrons; each and all of the acts which involve the company in penal consequences proceed from some aggressive violation of statutory duty imposed, and not from a mere negligent omission to act according to the obligation of its contract as a public carrier of messages. The act being highly penal in character, it is to receive such a construction as not to involve penal consequences, except when the act complained of is clearly within the prohibition of the statute. Wichelman v. Western Union Tel. Co., 30 Misc. Rep. 450.

The evidence in this case is barren of any proof of partiality, bad faith or neglect to perform its statutory duty. This provision of the statute was not intended to punish for mistakes or negligence of employees in cases not coming within the clear import of this provision of the statute.

Judgment is reversed, with costs to the defendant.

Judgment reversed, with costs.