(159 App. Div. 51.)

SALTZBURG et al. v. UTICA HOME TELEPHONE CO.

(Supreme Court, Appellate Division, Fourth Department. November 12, 1913.)

TELEGRAPHS AND TELEPHONES (§ 78*)—SERVICE—REGULATION—STATUTES—APPLICATION.

Transportation Corporations Law, § 103, requires every telephone corporation, on payment of charges, to transmit messages with impartiality and in good faith and in the order received. *Held* that such act did not include the removal of a subscriber's telephone from his place of business because of his refusal to pay a disputed claim for past service.

[Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. §§ 79–81; Dec. Dig. § 78.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Oneida County Court.

Action by Julius Saltzburg and another against the Utica Home Telephone Company. From a judgment for plaintiffs and from an order denying defendant's motion for a new trial, it appeals. Reversed.

Argued before KRUSE, P. J., and ROBSON, FOOTE, LAMBERT, and MERRELL, JJ.

T. H. Ferris, of Utica, for appellant.

P. H. Fitzgerald, of Utica, for respondent.

KRUSE, P. J. The judgment from which this appeal is taken is for a penalty under the provisions of section 103 of the Transportation Corporations Law (Consol. Laws 1909, c. 63), which requires every telegraph or telephone corporation, on payment of charges, to transmit messages with impartiality and in good faith and in the order in which they are received; and for every refusal or neglect so to do makes the corporation liable for a penalty of $100 to be paid to the person sending or desiring to send such message.

It is not claimed by the plaintiffs that any particular message was offered to the defendant for transmission and refused. A controversy arose over a claim made by the defendant for past services, the plaintiffs disputed the claim and refused to pay it, and thereupon the defendant removed the telephone which had theretofore been maintained in the plaintiffs' place of business.

The learned county judge, after calling the attention of the jury to the section under which the action is brought, stated that the language did not apply very clearly to the controversy, which was the right of the plaintiffs to have a private station or telephone maintained in their place of business, but finally held and charged the jury that the plaintiffs might recover if there was nothing due and owing the defendant, and if the claim was made in bad faith, intending to discriminate against the plaintiffs. The jury found against the defendant and rendered a verdict of $100 for the plaintiffs, and the defendant appeals.

I do not think the plaintiffs' grievance is covered by the section referred to. The statute is highly penal. While it should not be so strictly construed, as to defeat its manifest purpose, neither should it be extended by implication to cover an act which is not within its obvious meaning. The object of the statute is punishment, not damages. If the plaintiffs have sustained damages through any actionable misconduct of the defendant or are entitled to any affirmative relief against the defendant, they have their remedy by an appropriate action therefor. But I think they are not entitled to recover a penalty.

The motion to direct a verdict for the defendant made at the close of the evidence should have been granted, and the complaint dismissed, and that disposition should now be made of the case, as may be done under the provisions of section 1317 of the Code of Civil Procedure.

The judgment and order should therefore be reversed, and the plaintiffs' complaint dismissed, with costs to the appellant in this court and in the court below. All concur.