OPINION OF THE COURT
Paul L. Klein, J.
On its prima facie case, petitioner succeeded in showing that respondent’s conduct makes him an undesirable tenant and. justifies eviction, absent effective rebuttal on respondent’s case. There was no such rebuttal.
I turn now to the question of a stay, under RPAPL 753 or other provision of law.[1] Section 753 provides for a stay of (up to) six months if certain criteria are met (subd 1), but not where the respondent’s conduct has been found "objectionable” (subd 3). There is no question that Mr. Arnold meets the *1041 criteria for the mercy of a stay;[2] there is, likewise, no question that his conduct was "objectionable”.
CPLR 2201 permits me to grant a stay "in a proper case”, unless another statute bars such relief. Does RPAPL 753 (3) impose such a ban? I believe not.
The subdivision is punitive in nature and must, therefore, be strictly construed; it should not be extended beyond its obvious meaning. (E.g., New York State Thruway Auth. v Maislin Bros. Transp., 35 AD2d 301, 303; Saltzburg v Utica Home Tel. Co., 159 App Div 51, 52.)
Section 753 (3) refers to the issuance of a warrant, not to execution under the warrant. It thus appears that my discretionary authority under CPLR 2201 is not curtailed by subdivision (3), and I am able to grant Mr. Arnold a stay of execution.[3]
In weighing its length, I must balance the hardships facing him against the hazards his continuing presence may impose on his neighbors. I must also — even if only tracking the statute rather than applying it — include in my as-justice-requires analysis a provision for the payment of use and occupation to the petitioner.
Accordingly, petitioner shall have final judgment of possession against the respondent. The warrant may issue forthwith, but execution thereunder shall be stayed for three months after service upon him of copies of this decision/order and resultant judgment (with notices of entry), subject to the following provisos:
(a) Within 15 days of such service, he shall pay the petitioner an amount for use and occupancy equal to the amount of all unpaid rent through the date of service, (b) Thereafter, he shall timely pay use and occupation for each month on the date heretofore constituting the due date for monthly rental, through the last month of the three-month stay, (c) He must refrain from any acts (whether physical, oral, written or *1042 otherwise; and whether performed by himself or others at his instance) which assault, batter, threaten or in any manner interfere with the privacy or quiet enjoyment of life of others, (d) If he violates any of these three conditions, the petitioner may move on five days’ notice to accelerate execution under the warrant.
notice to respondent eric Arnold: (I) Your time to commence an appeal, if you decide to do so, is short, and begins to run the moment you receive copies of the judgment from the petitioner or its attorneys. (II) You are reminded that tension exists between you and certain of your neighbors. What you might feel is only a pleasant "Hello” could be perceived by others as a menacing growl. Prudence suggests as little contact as possible.

. At my own instance, I enter for this unrepresented respondent an application for such relief.

. One of these criteria is the difficulty of locating "suitable premises similar to” these "within the neighborhood”. To the degree equitable considerations come into play, I take judicial notice of the fact that the respondent’s difficulties in this regard are, at the very least, contributed to by the petitioner’s vigorous program of restricting as many residential units as possible to NYU-related tenants.

. If I am not acting under RPAPL 753, it seems I am bound only by a rule of reason, not by an absolute six-month cap. However, in most cases at least six months would seem a reasonable outer limit, especially as landlord-tenant law has developed in New York City.